FILED
AM. JAN. 27 2015
DAVID J. MALAND, CLERK
U.S. DISTRICT COURT
By_____
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | No. 1:14-CR-112 |
| v. | § | (Hon. Judge Ron Clark) |
| | § | |
| AARON DOUGLAS LAKEY | § | |

## FACTUAL BASIS AND STIPULATION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the United States of America, by and through the undersigned Assistant United States Attorney in and for the Eastern District of Texas, joined by Aaron Douglas Lakey, defendant, and his counsel of record, Gary Bonneaux, and presents this factual basis and stipulation in support of the defendant's pleas of guilty to Count One of the indictment, would show the following:

1. That Aaron Douglas Lakey, defendant herein, stipulates and agrees to the truth of all matters set forth in this factual basis and stipulation, and agrees that such admission may be used by the Court in support of his pleas of guilty to Count One of the indictment, alleging violation of 18 U.S.C. § 2422(b), Enticement of a Minor.

2. That the defendant, Aaron Douglas Lakey, who is pleading guilty to such indictment, is one and the same person charged therein.

3. That the events described in the indictment occurred in the Eastern District of Texas.

4. That on or about the dates and at the places described in Count One of the indictment:

Factual Basis – Page 1

First: That, on or about the dates and places alleged, defendant Lakey persuaded, induced, enticed or coerced an individual to engage in any sexual activity, as charged;

Second: That defendant Lakey used the Internet or a cell phone or any facility or means of interstate commerce to do so;

Third: That defendant Lakey believed that such individual was less than 18 years of age; and

Fourth: That, had the sexual activity actually occurred or based on the sexual activity that actually occurred, defendant Lakey could be or could have been charged with the criminal offense of Sexual Assault, in violation of Texas Penal Code, Section 22.011(a)(2), under the laws of the State of Texas.

5. That had this matter proceeded to trial, the government, through the testimony of witnesses, including expert witnesses, and through admissible exhibits, would have proven, beyond a reasonable doubt, each and every essential element of the offenses alleged in Count One of the indictment; specifically, the government would have proven the following stipulated facts:

    a. As would be the testimony of Department of Homeland Security (DHS) Homeland Security Investigations (HSI) Special Agent Nathan Curry, on September 26, 2014, he received information that a fourteen year old female, referenced in Count One of the indictment as Jane Doe, had been in contact with defendant Aaron Douglas Lakey, age 30. Investigation disclosed that Jane Doe had purchased an iPod (SA Curry determined to have been

**Factual Basis – Page 2**

manufactured in part in China) without her parent's knowledge, and had used it to communicate with Lakey by means of Kik Interactive, of Canada, (which relies on the internet and is available on smart cell phones by means of the facilities of interstate and/or foreign commerce). SA Curry determined that the minor had been communicating with defendant Lakey via his display name of "Aaron☺" associated with his username of "bazooka.al" and email address beginning with "aaron.lakey@....." This was registered to a Verizon Android model SCH-I500 cellular phone device.

SA Curry reviewed Kik messages dated August 23, 2014, between defendant Lakey and Jane Doe. These messages included statements by defendant Lakey to Jane Doe that were sexually explicit and graphic in nature and that indicated his intention and desire to travel to meet with her on that date for the purposes of sexual contact and sexual intercourse. The messages from defendant Lakey included statements of his affection for her and stated that he loved her. They indicated that he knew that she was less than seventeen years of age, in that he was concerned about getting caught. The messages clearly indicated that defendant Lakey did not want his presence to be known to Jane Doe's relatives. In an interview with SA Curry, Jane Doe confirmed the identity of the sender of the messages as defendant Aaron Douglas Lakey. She further stated that on that date, August 23, 2014, defendant Lakey traveled to the residence at which she was temporarily

staying in Vidor, Texas, where the two met, secretly, as contemplated in the messages. On that night, consistent with the tone of the messages, they made out, and defendant Lakey caused one or more of his fingers to penetrate the female sexual organ of Jane Doe.

b. SA Curry and SA Jeff Fuselier conducted a non-custodial and recorded interview of defendant Lakey on October 24, 2014 at the DHS Office in Beaumont, Texas, where defendant Lakey had voluntarily appeared for that purpose. During the interview, defendant Lakey told SA Curry and SA Fuselier that he used Kik, and that his username was "Aaron smiley face" and "bazook.al." He admitted that sometime in 2014, he became acquainted with a female on Kik whose first name he believe matched the first name of Jane Doe and that he believed the person to be 15 years of age, because she told him she had three years until she would be 18. He stated she might have been a freshman in high school, and acknowledged that the child had asked him to accompany her to her high school homecoming. He stated that one evening in August or September 2014, he traveled from Bridge City Texas to Vidor Texas where he met with the female at her mother's residence. Defendant Lakey and SA Curry reviewed a number of the sexually-explicit excerpts from the *Kik* dialogue with Jane Doe, and he admitted to participating in the exchange with her. Defendant Lakey stated to SA Curry that after he arrived at the residence, as he and the girl were making out, he placed his right hand

onto and rubbed the girl's naked genitalia with the intent to masturbate the female and that he possibly inserted his finger into her vagina. He stated that he did not want to stay at the residence very long because the girl's mother might return. Lakey also stated that he was scared and had a guilty conscience due to the female's age, and he left the residence a short time later.

c. Investigation by SA Curry determined that the cellular telephone used by defendant Lakey was made outside of the state of Texas and that the iPod used by the child was manufactured at least in part in China. He also determined that the corporate offices for the social network service *Kik*, Incorporated are located in Waterloo, Ontario, Canada. As such, the communications at issue involved the defendant using facilities and means of interstate and or foreign commerce.

## DEFENDANT'S SIGNATURE AND ACKNOWLEDGMENT

6. I have read this factual basis and stipulation and the indictment or have had them read to me and have discussed them with my attorney. I fully understand the contents of this factual basis and stipulation and agree without reservation that it accurately describes the events and my acts.

Dated: 1/14/15

AARON DOUGLAS LAKEY,
Defendant

## DEFENSE COUNSEL'S SIGNATURE AND ACKNOWLEDGMENT

7. I have read this factual basis and stipulation and the indictment and have reviewed them with my client, Aaron Douglas Lakey. Based upon my discussions with the defendant, I am satisfied that the defendant understands the factual basis and stipulation as well as the indictment, and is knowingly and voluntarily agreeing to these stipulated facts.

Dated: January 14, 2015

GARY BONNEAUX
Attorney for the Defendant

Respectfully submitted,
JOHN M. BALES
UNITED STATES ATTORNEY

RANDALL L. FLUKE
ASSISTANT UNITED STATES ATTORNEY